*By the Court.
The first reason relied on for reversal of the judgment, “That the justice has not sufficiently entered on his docket the time of issuing the process,” is not sustained in point of fact. Under the entry of the names of the parties and the style of the action, the justice has placed the time, “April 3d, 1830.”
The second reason “ That the process of summons had not been served five days previous to its return,” is founded on an erroneous mode of computation. It was served on the 26tli of April, and was returnable on the 1st of May. The true mode is to exclude either the day of service or of appearance, and to include the other. Den v. Drake, 3 Halst. 303.
The third reason is, that the justice admitted improper evidence. The action is upon a bond in the nature of a bail bond. The constable, one of the subscribing witnesses, was examined to prove its due execution. For this purpose he was competent. It was so decided in Smalley and Coriell v. Vanorden, 2 South. 811.
The fourth reason is that the bond is invalid because taken in the amount of the debt only and not of the debt and costs. The plaintiff here, the defendant below, insists the requirement of the statute has not been complied with. *236 The language is, “ It shall be lawful for the constable who served the warrant to permit the defendant to enter into bond to the plaintiff with a good and sufficient freeholder to the amount of the debt or damages and costs.” The bond in this case is not indeed taken in so large a sum as might have been required, but the defendant has no cause of complaint on this account. The statute is merely directory. Ellis v. Robinson, 2 Penn. 707; Howard and Fitch v. Blackford and others, 2 Penn. 777.
The fifth reason is, that the justice adjourned without giving notice to the parties of the time and place of rendering judgment. The parties did not. themselves attend the trial, but appeared by their respective attorneys; and after hearing the evidence-and allegations, the justice took time to advise, and in the presence of the attorneys adjourned to a subsequent time, of which he then informed them. This proceeding was usual and regular, and the notice was sufficient.
Judgment affirmed.